UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>HENRY DEAN, as trustee of the SHARON GRAHAM BINGHAM 2007 TRUST, and PARK PLACE MOTORS, LTD.,<br><br>Respondents. | C17-528 TSZ<br><br>ORDER |
| LVB-OGDEN MARKETING CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>PATRICK L. MCCOURT, STEPHANIE J. MCCOURT, DAVID S. BINGHAM, SHARON BINGHAM, FRANCES P. GRAHAM, CHRISTOPHER G. BINGHAM, CHERISH BINGHAM a/k/a CHERISH BURGESS, SCOTT F. BINGHAM, KELLY BINGHAM, and BINGO INVESTMENTS, LLC,<br><br>Defendants. | C09-4518 (N.D. Ill.) |

ORDER - 1

1   THIS MATTER comes before the Court on petitioner LVB-Ogden Marketing
2   Corporation's ("LVB") motion to compel compliance with subpoenas for documents,
3   docket no. 1. In connection with its attempts to execute a judgment obtained in the
4   Northern District of Illinois against David Bingham, Sharon Bingham, Frances P.
5   Graham, Christopher Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham
6   and Bingo Investments LLC (collectively the "Judgment Debtors"), in case number
7   C09-4518 (N.D. Ill.), LVB issued third-party subpoenas to Henry Dean, as trustee of the
8   Sharon Graham Bingham 2007 Trust ("SGB 2007 Trust"), and to Park Place Motors, Ltd.
9   Having reviewed the motion and all relevant filings, LVB's motion to compel
10  compliance with LVB's subpoena to Henry Dean as trustee of the SGB 2007 Trust is
11  GRANTED in part and DENIED without prejudice in part as follows.[1]

12      Pursuant to Fed. R. Civ. P. 69(a)(2), a judgment creditor may take discovery "from
13  *any person*—including the judgment debtor" as provided in the Federal Rules of Civil
14  Procedure "or by the procedure of the state where the court is located." *Sherwin-*
15  *Williams Co. v. Earl Scheib of California, Inc.*, 2013 WL 12073836, at 2 (S.D. Cal. Mar.
16  4, 2013) (emphasis in original) (quoting Fed. R. Civ. P. 69(a)(2)). When evaluating
17  whether post-judgment discovery is appropriate, "the presumption should be in favor of
18  full discovery of any matters arguably related to [the judgment creditor's] efforts to trace
19  [the judgment debtor's] assets and otherwise to enforce its judgment. *Id.* (alteration in
20  original) (quoting *Credit Lyonnais S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 431 (8th Cir.

---

[1] Although LVB moved to compel compliance with both subpoenas in a single motion, the Court has addressed LVB's subpoena to Park Place Motors, Ltd. in a separate Order.

1998)). With this standard in mind, the Court hereby ORDERS Mr. Dean, as trustee of the SGB 2007 Trust, to produce, within thirty-five (35) days of the date of this Order, the following non-privileged documents in his possession, custody, or control[2]:

    1.    All DOCUMENTS relating to the TRUST's formation, including but not limited to trust agreements, formation documents, bills of sale, asset transfer documents, communications, and trustee employment agreements.

    2.    DOCUMENTS sufficient to show all assets with which the TRUST was settled and the source from which each such asset was obtained.

    3.    DOCUMENTS sufficient to identify all of the TRUST's beneficiaries at the time the TRUST was formed.

    4.    DOCUMENTS sufficient to identify all of the TRUST's remaindermen at the time the TRUST was formed.

    5.    All trust agreements, modifications, and addendums relating to the TRUST.

    6.    DOCUMENTS sufficient to identify the TRUST's current terms.

    7.    DOCUMENTS sufficient to identify anyone who has ever served as trustee of the TRUST.

    8.    DOCUMENTS sufficient to identify all of the TRUST's current beneficiaries.

    9.    DOCUMENTS sufficient to identify all of the TRUST's current remaindermen.

    10.    DOCUMENTS sufficient to show the TRUST's current ownership of any real property.

    11.    DOCUMENTS sufficient to show the TRUST's current ownership with respect to any of the following described personal property owned by the TRUST:

        a.    Motor vehicles of any type;

---

[2] For consistency, the Court has utilized the same language as the document requests attached to the subpoena served on Mr. Dean. *See* Decl. of Jonathan J. Faria, docket no. 2, Ex. 1. Accordingly, the Court incorporates the definitions of terms set forth therein. *Id.*

     b.  Commercial, business, or construction equipment of any type;

     c.  Boats, launchers, cruisers, jet skis, or other vessels of any type; and

     d.  Aircraft of any type.

  12.  DOCUMENTS sufficient to identify any financial accounts that the TRUST owns (whether separately or jointly), including but not limited to bank accounts, savings accounts, checking accounts, money market accounts, investment accounts, credit card accounts, and any other lines of credit.

  13.  DOCUMENTS sufficient to show the current balance of any account identified in response to Request No. 12.

  14.  DOCUMENTS sufficient to identify any interest that the TRUST owns in any business entity.

  15.  DOCUMENTS sufficient to identify any insurance policies that the TRUST holds related to any DEFENDANT.

  16.  All DOCUMENTS evidencing any current obligation to make any payments to any DEFENDANTS.

  17.  For the period from March 1, 2013, to the present, all DOCUMENTS related to any payments made to any DEFENDANTS.

  18.  For the period from March 1, 2013, to the present, all DOCUMENTS related to any transfer of any asset from the TRUST to any DEFENDANTS.

  19.  For the period from March 1, 2013, to the present, all DOCUMENTS related to any loan made by the TRUST to any DEFENDANTS.

  20.  For the period from March 1, 2013 to the present, all DOCUMENTS related to any transfer of any interest in real property to the TRUST by any DEFENDANTS.

  21.  DOCUMENTS sufficient to show the current owner of the property located at 721 250th Ave., NE, Sammamish, WA 98074.

  22.  For the period from March 1, 2013, to the present, all DOCUMENTS related to any transfer of funds to the TRUST by any DEFENDANTS.

  23.  For the period from March 1, 2013, to the present, all DOCUMENTS related to any transfer of personal property (including but not limited to stock, bonds, mutual funds, other securities, art, and any other asset) to the TRUST by any DEFENDANTS.

24. For the period from March 1, 2013, to the present, all DOCUMENTS related to the assignment of any legal claim, cause of action, or chose in action by any of the DEFENDANTS to the TRUST.

25. DOCUMENTS sufficient to show the facts and circumstances surrounding Bingo Investment, LLC's assignment of its claim in *In re Prium Companies, LLC* to the TRUST.

26. All DOCUMENTS evidencing any interest that the TRUST holds in Park Place Motors Ltd.

27. All DOCUMENTS evidencing any interest that the TRUST holds in real property related to Park Place Motors Ltd.

These documents may be relevant to one or more of the four grounds on which LVB claims it is entitled to execute its judgment against the assets of the SGB 2007 Trust: (1) that the SGB 2007 Trust is self-settled; (2) that the SGB 2007 Trust has lost its spendthrift status; (3) that the SGB 2007 Trust is the alter ego of some or all of the Judgment Debtors; and (4) that the SGB 2007 Trust contains fraudulently transferred assets. Although it may ultimately be true that all of the SGB 2007 Trust's assets are exempt from attachment or execution, that possibility does not immunize the SGB 2007 Trust from discovery.

The Court has limited certain requests to the last four years as a starting point for LVB's investigation of the Judgment Debtors' relationship with the SGB 2007 Trust and makes no ruling concerning whether the limitations periods contained in RCW 19.40.091 apply to extinguish any claim of fraudulent transfer. To the extent LVB finds it necessary after it has received the above-listed documents from the SGB 2007 Trust, LVB may request that the Court Order production of additional documents relevant to the execution of LVB's judgment.

Unless the parties otherwise agree and subject to further Order of the Court, LVB is prohibited from publishing the documents produced pursuant to this Order and may only use documents produced as reasonably necessary in connection with proceedings to enforce the Judgment LVB obtained against the Judgment Debtors in the case of LVB-Ogden Marketing Corporation v. Patrick L. McCourt, et al.

IT IS SO ORDERED.

Dated this 31st day of May, 2017.

*Thomas S. Zilly* (signature)

Thomas S. Zilly
United States District Judge