UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>HENRY DEAN, as trustee of the SHARON GRAHAM BINGHAM 2007 TRUST, and PARK PLACE MOTORS, LTD.,<br><br>Respondents. | C17-528 TSZ<br><br>ORDER |
| LVB-OGDEN MARKETING CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>PATRICK L. MCCOURT, STEPHANIE J. MCCOURT, DAVID S. BINGHAM, SHARON BINGHAM, FRANCES P. GRAHAM, CHRISTOPHER G. BINGHAM, CHERISH BINGHAM a/k/a CHERISH BURGESS, SCOTT F. BINGHAM, KELLY BINGHAM, and BINGO INVESTMENTS, LLC,<br><br>Defendants. | C09-4518 (N.D. Ill.) |

ORDER - 1

THIS MATTER comes before the Court on petitioner LVB-Ogden Marketing Corporation's ("LVB") motion to compel compliance with subpoenas for documents, docket no. 1. In connection with its attempts to execute a judgment obtained in the Northern District of Illinois against David Bingham, Sharon Bingham, Frances P. Graham, Christopher Bingham, Cherish Bingham a/k/a Cherish Burgess, Kelly Bingham and Bingo Investments LLC (collectively the "Judgment Debtors"), in case number 09-cv-4518 (N.D. Ill.), LVB issued third-party subpoenas to Henry Dean, as trustee of the Sharon Graham Bingham 2007 Trust ("SGB 2007 Trust"), and to Park Place Motors, LTD ("Park Place"). Having reviewed the motion and all relevant filings, LVB's motion to compel compliance with LVB's subpoena to Park Place, is GRANTED in part and DENIED without prejudice in part as follows.[1]

Pursuant to Fed. R. Civ. P. 69(a)(2), a judgment creditor may take discovery "from *any person*—including the judgment debtor" as provided in the Federal Rules of Civil Procedure "or by the procedure of the state where the court is located." *Sherwin-Williams Co. v. Earl Scheib of California, Inc.*, 2013 WL 12073836, at 2 (S.D. Cal. Mar. 4, 2013) (emphasis in original) (quoting Fed. R. Civ. P. 69(a)(2)). When evaluating whether post-judgment discovery is appropriate, "the presumption should be in favor of full discovery of any matters arguably related to [the judgment creditor's] efforts to trace [the judgment debtor's] assets and otherwise to enforce its judgment. *Id.* (alteration in original) (quoting *Credit Lyonnais S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 431 (8th Cir.

---

[1] Although LVB moved to compel compliance with both subpoenas in a single motion, the Court has addressed LVB's subpoena to Henry Dean, as trustee for the SGB 2007 Trust, in a separate Order.

ORDER - 2

1998)). With this standard in mind, the Court hereby ORDERS Park Place Motors, LTD, to produce, within thirty-five (35) days of the date of this Order, the following non-privileged documents in its possession, custody, or control[2]:

1. For the period from March 1, 2013, to the present, all DOCUMENTS related to any transfer of assets or funds made to any DEFENDANT having a value or in an amount of $1,000 or more.

2. For the period from March 1, 2013, to the present, all DOCUMENTS related to any transfer of assets or funds made to YOU by any DEFENDANT.

3. All DOCUMENTS evidencing any current obligation to make any payments to any DEFENDANTS.

4. For the period from March 1, 2013, to the present, all DOCUMENTS related to any loan made by YOU to any DEFENDANTS.

5. All DOCUMENTS related to any relationship and/or dealings between YOU and the Sharon Graham Bingham 2007 Trust.

These documents are, at a minimum, arguably related to tracing the Judgment Debtors' assets and may also be relevant to one or more of the four grounds on which LVB claims it is entitled to execute its judgment against the assets of the SGB 2007 Trust: (1) that the SGB 2007 Trust is self-settled; (2) that the SGB 2007 Trust has lost its spendthrift status; (3) that the SGB 2007 Trust is the alter ego of some or all of the Judgment Debtors; and (4) that the SGB 2007 Trust contains fraudulently transferred assets.

---

[2] For consistency, the Court has utilized the same language as the document requests attached to the subpoena served on Park Place. *See* Decl. of Jonathan J. Faria, docket no. 2, Ex. 2. Accordingly, the Court incorporates the definitions of terms set forth therein. *Id.*

ORDER - 3

The Court has limited certain requests to the last four years as a starting point for LVB's investigation of the Judgment Debtors' assets and makes no ruling concerning whether the limitations periods contained in RCW 19.40.091 apply to extinguish any claim of fraudulent transfer. To the extent LVB finds it necessary after it has received the above-listed documents from Park Place, LVB may request that the Court Order production of additional documents relevant to the execution of LVB's judgment.

Unless the parties otherwise agree and subject to further Order of the Court, LVB is prohibited from publishing the documents produced pursuant to this Order and may only use documents produced as reasonably necessary in connection with proceedings to enforce the Judgment LVB obtained against the Judgment Debtors in the case of LVB-Ogden Marketing Corporation v. Patrick L. McCourt, et al.

IT IS SO ORDERED.

Dated this 31st day of May, 2017.

_____
Thomas S. Zilly
United States District Judge