1

2
                    UNITED STATES DISTRICT COURT
3                   WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
4

5   LVB-OGDEN MARKETING
    CORPORATION,

6                 Petitioner,

7       v.                                    C17-528 TSZ

8   HENRY DEAN, as trustee of the            MINUTE ORDER
    SHARON GRAHAM BINGHAM
9   2007 TRUST, and PARK PLACE
    MOTORS, LTD.,
10
                  Respondents.
11
    LVB-OGDEN MARKETING
12  CORPORATION,

13                Plaintiff

14      v.

15  PATRICK L. MCCOURT, STEPHANIE           C09-4518 (N.D. Ill.)
    J. MCCOURT, DAVID S. BINGHAM,
16  SHARON BINGHAM, FRANCES P.
    GRAHAM, CHRISTOPHER G.
17  BINGHAM, CHERISH BINGHAM
    a/k/a CHERISH BURGESS, SCOTT F.
18  BINGHAM, KELLY BINGHAM, and
    BINGO INVESTMENTS, LLC,

19                Defendants.

20      The following Minute Order is made by direction of the Court, the Honorable
    Thomas S. Zilly, United States District Judge:
21
        (1)     LVB-Ogden Marketing's ("LVB") Renewed Motion to Compel the SGB
22  2007 Trust (the "Trust") to Produce Documents, docket no. 25, is GRANTED.  This is
    LVB's second attempt to compel compliance with a subpoena issued for documents
23

    MINUTE ORDER - 1

1  pertaining to its efforts to execute a judgment.  *See* Decl. of Jonathan J. Faria, docket no.
2  2, Ex. 1 (the "Subpoena").  In granting in part and denying in part LVB's first request,
   the Court instructed that "[t]o the extent LVB finds it necessary after it has received the
3  [ordered] documents from the SGB 2007 Trust, LVB may request that the Court Order
   production of additional documents . . . ."  Docket no. 19, at 5.[1]  Here, LVB requests the
4  Court to compel the Trust to produce unredacted documents for the period from 2009 to
   present.  The Court concludes that this information is discoverable under Federal Rule of
5  Civil Procedure 26(b) and bears on whether the Trust has lost its spendthrift character,
   whether self-settled transfers have been executed, whether the Trust should be deemed
6  the alter ego of certain debtors, and whether any fraudulent transfers should be unwound.
   The Trust does not present any valid basis rebutting the presumption favoring "full
7  discovery of any matters arguably related to [the judgment creditor's] efforts to trace [the
   judgment debtor's] assets and otherwise enforce its judgment."  *Sherwin-Williams Co. v.*
8  *Earl Scheib of Cal., Inc.*, No. 12CV2646-JAH(JMA), 2013 WL 12073836, at *4–5 (W.D.
   Wash. Mar. 4, 2013) (quoting *Credit Lyonnais S.A. v. SGC Intern., Inc.*, 160 F.3d 428,
9  431 (8th Cir. 1998)).  Accordingly, the Court hereby ORDERS Henry Dean, as trustee of
   the Trust, to produce, no later than January 31, 2018, the following non-privileged
10 documents in his possession, custody, or control, for the period from January 1, 2009, to
   present[2]:

11          a.      All DOCUMENTS relating to any payments made to any
   DEFENDANTS.
12
           b.      All DOCUMENTS related to any transfer of any asset from the
13 TRUST to any DEFENDANTS.

14          c.      All DOCUMENTS related to any loan made by the TRUST to any
   DEFENDANTS.

15          d.      All DOCUMENTS related to any transfer of any interest in real
   property to the TRUST by any DEFENDANTS.
16
           e.      All DOCUMENTS related to any transfer of funds to the TRUST by
17 any DEFENDANTS.

18          f.      All DOCUMENTS related to any transfer of personal property
   (including but not limited to stock, bonds, mutual funds, other securities, art and any
19 other asset) to the TRUST by any DEFENDANTS.

20

21 [1] The Court incorporates by reference the discussion in its Order granting LVB's first motion to compel
   against the Trust, docket no. 19.

22 [2] For consistency, the Court has utilized the same language as the document requests attached to the
   Subpoena.  *See* Decl. of Jonathan J. Faria, docket no. 2, Ex. 1.  Accordingly, the Court incorporates the
   definitions of terms set forth therein.  *Id.*

23

1          g.      All DOCUMENTS related to the assignment of any legal claim,
cause of action, or chose in action by any of the DEFENDANTS to the TRUST.

2
           h.      All emails responsive to the Subpoena, including, without limitation,
3    any communications regarding transfers into or out of the Trust.  The Court ORDERS
Mr. Dean to certify to the Court under penalty of perjury: (i) which email accounts were
4    searched (and that those accounts have been preserved (*i.e.* no emails have been
deleted)); (ii) for what date range; and (iii) that all communications regarding transfers
5    into or out of the Trust have been produced.  Mr. Dean shall serve and file a sworn
Certificate of Compliance no later than January 31, 2018.

6
           (2)     The Court ORDERS Mr. Dean to, no later than January 31, 2018, remove
7    any redactions to previously produced documents and produce the unredacted documents
to LVB.  *See* Fed. R. Civ. P. 5.2(a).

8
           (3)     The Court ORDERS Mr. Dean to, no later than January 31, 2018, serve and
file a "privilege log" listing all responsive information and documents he is withholding
9    and why he believes that information and those documents are privileged or confidential.

10
           (4)     The Court DEFERS the Trust's request to shift its costs of complying with
the subpoena under Fed. R. Civ. P. 45(d)(2)(B)(ii).  *See* Sharon Graham Bingham 2007
11   Trust's Opposition to LVB-Ogden Marketing's Renewed Motion to Compel, docket no.
30, at 12–14.  To date, the Trust has not fulfilled its obligations under the Subpoena or
12   the Court's prior Order compelling compliance with the Subpoena.  The Court is
therefore unable to assess whether any projected costs will be "significant."  Should the
13   Trust fulfill its compliance obligations, it may then petition the Court for compliance
expenses under Fed. R. Civ. P. 45(d)(2)(B)(ii).  *See Stormans v. Selecky*, No. C07-5374,
14   2015 WL 224914, at *6–7 (W.D. Wash. Jan. 15, 2015) (outlining the three factor test to
determine whether compliance costs are "significant").  Any decision assessing costs will
15   also consider the nature and extent of the Trust's compliance with the Court's orders to
produce documents responsive to the Subpoena.

16
           (5)     The Clerk is directed to send a copy of this Minute Order to all counsel of
17   record.

18         Dated this 28th day of December, 2017.

19
                                         William M. McCool
20                                       Clerk

21                                       s/Karen Dews
                                         Deputy Clerk

22

23